RADER, Circuit Judge,
concurring.
I agree with the result in this court’s Per Curiam opinion and therefore join. However, I write separately to clarify that this court and the Merit System Protection Board (“Board”) lack jurisdiction to review security clearance removal processes at all. Dep’t of the Navy v. Egan, 484 U.S. 518, 108 S.Ct. 818, 98 L.Ed.2d 918 (1988). The Supreme Court was quite clear that the Board and this court have jurisdiction only over “adverse actions.” 5 U.S.C. § 7513; Egan, 484 U.S. at 530, 108 S.Ct. 818. The Supreme Court made it clear that a security clearance determination is not within this court’s circumscribed authority:
A denial of a security clearance is not such an “adverse action,” and by its own force is not subject to Board review. An employee who is removed for “cause” under § 7513, when his required clearance is denied, is entitled to the several procedural protections specified in that statute [Title 5 Protections]. The Board then may determine whether such cause existed, whether in fact clearance was denied, and whether transfer to a nonsensitive position was feasible. Nothing in the Act, however, directs or empowers the Board to go further.
Id. at 530, 108 S.Ct. 818 (emphases added). In short, the Board’s (and this court’s) authority does not extend “further” than determinations about eligibility for continued employment.
The Board and this court can ensure compliance with § 7513, but cannot cross the line into reviewing security clearance determinations. Neither the Board nor this court has any authority to review substantively or procedurally a security clearance suspension or removal that may precede loss of a sensitive job. The Supreme Court reiterated: “[T]he grant of [a] security clearance to a particular employee, a sensitive and inherently discretionary judgment call, is committed by law to the appropriate agency of the Executive Branch.” Id. at 527, 108 S.Ct. 818. Security clearance decisions simply are the province of the Executive branch and not subject to review by the Board or this court.
This court previously stated that administrative and judicial bodies do not have any role in security clearance determinations. Hesse v. Dep’t of State, 217 F.3d 1372, 1376 (Fed.Cir.2000) (“The principles we draw from the Court’s decision in Egan are these: (1) there is no presumption that security clearance determinations will be subject to administrative or judicial review, as those determinations are committed to the broad discretion of the responsible Executive Branch agency.”). This court further stated:
[I]t is not reasonably possible for an outside nonexpert body to review the substance of such a judgment and to decide whether the agency should have been able to make the necessary affirmative prediction [that a particular individual might compromise sensitive information] with confidence. Nor can such a body determine what constitutes an acceptable margin of error in assessing the potential risk.
Id. Further, in citing Egan, this court clearly stated that “the Merit Systems Protection Board is not authorized to review security clearance determinations or agency actions based on security clearance determinations.” Hesse, 217 F.3d at 1376. The Board and this court may only deter *1367 mine whether a security clearance was denied in reviewing an adverse personnel action, nothing more. Id.
Thus, this court should avoid entangling security clearance determinations with adverse personnel actions. In King v. Alston, 75 F.3d 657 (Fed.Cir.1996), the Board and this court mistakenly justified expansive security clearance review by finding that § 7513 “entitles an employee to notice of reasons for suspension of his access to classified information when that is the reason for placing the employee on enforced leave pending a decision on the employee’s security clearance.” Id., at 661. To the contrary, this court can enforce notice of an adverse action, but not notice of a security clearance suspension or removal. Then, in Cheney v. Dep’t of Justice, 479 F.3d 1343 (Fed.Cir.2007), this court wrongly perpetuated King and “noted that, under § 7513, an employee must receive written notice stating the specific reasons for the suspension of his or her security clearance when that is the reason for suspending the employee pending a decision on the employee’s security clearance.” Cheney, 479 F.3d at 1352. This court cannot go “further” than ensuring proper notice of an adverse action. Again, this court has no authority whatsoever with respect to a security clearance suspension or removal. The Supreme Court made clear in Egan that any procedural safeguards during security clearance determinations are committed solely to the Executive Branch and occur in Personnel Security Appeals Boards. Egan, 484 U.S. at 533, 108 S.Ct. 818.
Thus, I agree with the result of this court’s Per Curiam opinion but write separately to clarify the limits of this court’s authority with respect to an Executive Branch security clearance determination.